IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY B. WILLIAMS,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC.,

    Defendant.

CIVIL ACTION NO.
1:24-cv-2087-ELR-CMS

## ORDER

Plaintiff filed a "Notice of Settlement" as to Defendant Equifax Information Services, LLC, the remaining defendant in this action, indicating that the Parties have reached a settlement and are in the process of finalizing their settlement. [Doc. 5].[1]   Thus, for good cause shown, the Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this action.[2]  The Court **DIRECTS** the Parties to

---

[1] On June 27, 2024, Plaintiff filed a notice of voluntary dismissal without prejudice as to former defendant PennyMac Loan Services, LLC. [Doc. 6].  On June 28, 2024, the Clerk approved that notice and dismissed PennyMac from this action.

[2] Administrative closure is a docket-control device used by the Court for statistical purposes.  The parties need only file a motion to reopen the case if settlement negotiations fail.  Administrative closure will not prejudice the rights of the parties to this litigation in any manner.

file an appropriate notice or stipulation of dismissal within thirty days of this order. If the Parties need additional time, they should move for such additional time to finalize the settlement. If settlement fails, the Parties should promptly move to reopen the case. The Court **DIRECTS** the Clerk to resubmit this matter after the thirty-day period expires if the Parties do not file an appropriate notice or stipulation of dismissal or request an extension of time to do so.

**SO ORDERED**, this 10th day of July, 2024.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE